IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN PIERRE TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 15-0666-KD-B |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is before Court on the United States' motion to transfer to the Court of
Federal Claims, Plaintiff Ryan Pierre Turner's response in opposition, the United States' reply,
and the parties' supplemental briefing regarding the application of the *Feres* doctrine (docs. 21,
26, 29, 31, 32).  Upon consideration of the Second Amended Complaint and the parties'
respective arguments, and for the reasons set forth herein, the Court rules as follows:

A. Count One: Racial Discrimination

Turner alleges that Defendants violated Title VI, 42 U.S.C. § 2000d, *et seq.* and
discriminated against him on basis of race (doc. 13, p. 4).  In relevant part, Title VI prohibits race
discrimination "under any program or activity receiving Federal financial assistance." 42 U.S.C.
§ 2000d.  However, the Regulations define the phrase "program or activity" as used in Title VI
to mean "the operations of any entity described in" 42 C.F.R. § 42.102(d)(1) through (4).
However, the United States and United States Marine Corp do not fall within the definition of
any of the entities defined in the Regulation.  *See* 28 C.F.R. § 42.102(d)(1), (2), (3) and (4).
Accordingly, Count One is DISMISSED.

To the extent that Turner may have intended to plead Title VII, 42 U.S.C. § 2000e, that

statute also does not provide a basis for Turner's claim of discrimination.  The United States is specifically excluded as an "employer" within the meaning of the statute. 42 U.S.C. § 2000e(b). Also, because Turner was a member of the Armed Forces of the United States at the time the alleged discriminatory actions occurred, Title VII is not applicable to him.  *Stinson v. Hornby,* 821 F. 2d 1537, 1541 (11th Cir. 1987) ("…where the facts indicate that the person is on full-time military duty and other factors indicate that the person is more military than civilian, no Title VII action may be brought."); *Norris v. McHugh*, 857 F. Supp. 2d 1229, 1232–33 (M.D. Ala. 2012), *aff'd sub nom. Norris v. Sec'y, U.S. Dep't of Army*, 517 Fed. Appx. 873 (11th Cir. 2013) ("Colonel Norris filed suit under Title VII . . . which … contain[s] provisions waiving federal sovereign immunity for military departments. *See* § 2000e–16(a) …. However, in accord with the intra-military immunity doctrine [the *Feres* doctrine] … the vast majority of circuit courts to interpret these waivers have held that they 'apply only to suits by civilian employees of the military departments, and not members of the armed forces.'") (quoting *Fisher v. Peters*, 249 F.3d 433, 438 (6th Cir.2001)(bracketed text added).   Accordingly, any claim that Turner may have attempted to bring pursuant to Title VII is DISMISSED.

B. Counts Two, Three and Four: Negligence, Wantonness and Libel

Turner alleges that Defendants were negligent by failing to "provide a workplace free from racial discrimination" (doc. 13, p. 5), that Defendants wantonly disregarded his civil rights (doc. 13, p. 7), and that Defendants committed libel by fabricating false and adverse reports with the intent causing him harm (doc. 13, p. 8).  However, the *Feres* doctrine bars these tort claims. *United States v. Feres*, 340 U.S. 135, 146, 71 S. Ct. 153(1950) ("We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.").

The Court of Appeals for the Eleventh Circuit applies "a three-part test in order to determine whether an injury is incident to service so as to be non justiciable under the *Feres* doctrine. *Koury v. Sec., Dept. of Army*, 488 Fed. Appx. 355, 357 (11th Cir. 2012) (citing *Speigner v. Alexander*, 248 F.3d 1292, 1298 (11th Cir. 2001)). " Under this test, [the courts] consider: (1) the service member's duty status; (2) the place where the injury occurred; and (3) the service member's activities at the time of the injury. *Id.* (bracketed text inserted).  "The purpose of this test is to separate cases that may interfere with military discipline and command decisions from those that do not[.]" *Id.*  Turner does not dispute that the actions underlying his tort claims occurred while he was enlisted in the Marine Corps and on active-duty assigned to an Independent Duty Station or that his activities at the time of injury were incident to his military service (docs. 13, 26, 31). Accordingly, Counts Two, Three and Four are DISMISSED as barred by the *Feres* doctrine.

   5. Count Five: Wrongful Termination

   Turner claims that Defendants wrongfully terminated his employment in the Marine Corp based on his race (doc. 13, p. 9). He alleges that his wrongful termination caused loss of income, loss of future wages and benefits, and loss of rank, time and grade, in addition to mental anguish, pain and suffering and embarrassment. Turner seeks compensatory damages, damages for lost wages, and damages for past and future loss of income, as well as damages for emotional distress and mental anguish.  Pursuant to Rule 12(b)(1), the United States argues that this Court lacks subject matter jurisdiction because this claim invokes the Military Pay Act and that jurisdiction is proper in the Court of Federal Claims (CFC).  In lieu of dismissal, the United States moves the Court to transfer Turner's claim to the CFC.

Congress enacted the Military Pay Act to provide a statutory right to pay associated with the military member's assigned pay grade. 37 U.S.C. § 204(a)(1)-(2).  Since Turner seeks damages based on loss of pay, rank, time and grade, he has invoked the MPA.  The Tucker Act is implicated when a claim for money damages not based in tort and founded upon an Act of Congress, here the MPA, is brought against the United States in the district court. The Tucker Act states that the CFC,

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Little Tucker Act grants concurrent jurisdiction between the CFC and the district courts if the amount of the claim does not exceed $10,000. 28 U.S.C. § 1346(a)(2).  The Tucker Act grants the CFC exclusive jurisdiction over actions against the United States for money damages in excess of $10,000. *Id*.  Therefore, the Court must ascertain whether Turner's claim under the MPA exceeds $10,000.

Turner does not allege the amount of his pay (doc. 13, Second Amended Complaint). However, the United States indicated in its motion that "the back pay alone would be more than $10,000" (doc. 20, p. 7).  Turner did not dispute this statement.  Also, Turner states that he was a Sergeant at the time of his discharge in July 2014 (doc. 26, p. 3).  Arguably, two year back pay for a Marine Sergeant would exceed $10,000.   Therefore, Turner's claim for wrongful termination exceeds the jurisdictional amount for the Little Tucker Act.  Because the Tucker Act vests jurisdiction for claims exceeding $10,000 in the CFC, this action is due to be TRANSFERRED to the CFC for further proceedings.  However, the Court STAYS the transfer

4

pending resolution of service upon the United States Marine Corps. (*See* Section 7)

6. John Doe Defendants

Defendants John Doe Entities or John Does are DISMISSED from this action.  Turner's

description in his Second Amended Complaint of the actions allegedly taken by the John Doe

Entities or the John Does is not sufficiently particular to come within the exception to the general

rule that fictitious party pleading is not permitted in the federal courts. *See Claudet v. Sheriff of*

*Osceola County,* 2016 WL 6125671, at *1 (M.D. Fla. Oct. 20, 2016) (Dismissing claims against

John Doe defendants and finding that "'[a]s a general matter, fictitious-party pleading is not

permitted in federal court.' A limited exception to this rule arises when the plaintiff, although

without knowledge of the fictitious party's true identity, describes the party with such

particularity that the party can reasonably be found and served with the complaint.") (quoting

*Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam)).

7. United States Marine Corp as a Defendant

The docket does not indicate that Turner has served the United States Marine Corps with

a copy of the summons and complaint.  The first summons and complaint were returned to the

Court and marked "Return to Sender – Not at address" (doc. 11).  Turner provided a correct

address and the summons and complaint issued again on July 16, 2016 (doc. 16).  However,

there is no return of service in the docket to show whether the USMC was served with the

summons and complaint.

Rule 4(m), of the Federal Rules of Civil Procedure, sets forth as follows:

(m) Time Limit for Service. If a defendant is not served within 90 days after the
complaint is filed, the court--on motion or on its own after notice to the plaintiff--
must dismiss the action without prejudice against that defendant or order that
service be made within a specified time. But if the plaintiff shows good cause for
the failure, the court must extend the time for service for an appropriate period.
This subdivision (m) does not apply to service in a foreign country under Rule

4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

More than 90 days have passed since Turner filed his complaint in this Court and more than 90 days have passed since Turner filed his Second Amended Complaint on June 23, 2016. Accordingly, pursuant to Rule 4(m), Turner is notified that the Court will dismiss this action without prejudice as to the USMC unless **Turner serves the USMC with a copy of the summons and the Second Amended Complaint and provides proof of service by January 20, 2017.**

DONE and ORDERED this the 21st day of December 2016.

**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**