IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYAN PIERRE TURNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 15-0666-KD-B** |
| ) | |
| **UNITED STATES OF AMERICA,** *et al.*, ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This action is before the Court on the Proof of Service filed by Plaintiff Ryan Pierre Turner (doc. 34). Previously, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Turner was notified that the Court would dismiss this action without prejudice as to the United States Marine Corps unless Turner served the Corps with a copy of the summons and the Second Amended Complaint and provided proof of service by January 20, 2017 (doc. 33).

Previously, when Turner was *pro se,* he provided the Court with an Arlington Virginia address for the US Marine Corps (doc. 7). The Court sent the summons and complaint but the package was returned - "Return to Sender Reason Not at address" (doc. 11).

Turner retained counsel and provided the Court with another address (doc. 15). The Court issued the summons and complaint addressed to the Commandant of the US Marine Corps at Headquarters in Washington DC 20350 (doc. 16). Counsel was notified to print copies of the summons necessary for service of the complaint (Id.). However, Turner did not file a return of service. Therefore, the Court was without information as to whether the summons and complaint had been sent to the US Marine Corps.

Turner now provides the Court with a United States Postal Service tracking notice as evidence that the summons and complaint were delivered on December 27, 2016 to the "mail room" in Washington DC for zip code 20310, a different zip code than previously submitted (doc. 34-2). Turner has also provided the Court with the USPS Certified Mail Receipt as proof that he purchased certified mail from the USPS on December 23, 2016 (doc. 34-1, p. 1). The receipt does not contain a complete address. Instead, only "Marine Corps Headquarters" is printed on the receipt. (Id.)

As to the return receipt, Turner states that as of January 19, 2017, he had not received it. The USPS tracking information for the return receipt indicates that the last entry was December 23, 2016 when the summons and complaint were mailed and the return receipt was associated with the documents.

Assuming that Turner sent the summons and complaint to the correct address for Marine Headquarters, it appears that they have been received in the "mail room" and therefore, he has complied with the requirements of Rule 4(i)(2). The Rule provides for service upon a United States agency by serving the United States, which Turner has done, and by "send[ing] a copy of the summons and complaint by registered or certified mail to the agency[.]" Fed. R. Civ. P. 4(i)(2). Accordingly, the stay of the transfer of this action pending resolution of service upon the US Marine Corps (doc. 33) is LIFTED and this action, which now consists solely of Count Five alleging wrongful termination, is TRANSFERRED to the Court of Federal Claims for further proceedings.

DONE and ORDERED this the 23rd day of January 2017.

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**